UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

IN RE: DANIEL JOSEPH WIK,

                      Petitioner.

Case # 17-MC-6003-FPG

DECISION AND ORDER

───────────────────────────────

*Pro se* Petitioner Daniel Joseph Wik ("Wik") has filed a Petition for a Writ of Prohibition and/or Mandamus (ECF No. 1) with this Court. ECF No. 1. That application was filed yesterday, March 29, 2017 at approximately 3:30p.m, and seeks to enjoin enforcement of an order issued on February 18, 2017 by New York State Supreme Court Justice John J. Ark in the case *Estate of William Sharpsteen v. Cinole and Daniel J. Wik*, Index No. 2008-09027. A copy of Justice Ark's February 18, 2017 order is attached to Wik's Petition as Exhibit 6.

This is not the first time that Wik has sought a Writ of Prohibition and/or Mandamus from this Court regarding an Order issued by Justice Ark in the *Sharpsteen* case. Specifically, on September 22, 2015, Wik sought to enjoin enforcement of a different order issued by Justice Ark in that case. This Court denied that application, and explained that it lacked jurisdiction over the matter. *See In re: Daniel Joseph Wik, Petitioner*; W.D.N.Y. Case No. 15-MC-6006-FPG, ECF Nos. 1, 2, 4.

As this Court explained to Wik in 2015, the *Rooker-Feldman* doctrine[1] prohibits federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Underlying this doctrine "is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system,

---

[1] Named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1

only the [United States] Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009); *see also Feldman*, 460 U.S. at 482 ("[r]eview of such judgments may be had *only* in [the Supreme Court].).

In order for the *Rooker-Feldman* doctrine to bar an action, the Second Circuit has explained that four requirements must be met. First, the federal-court petitioner must have lost in state court. Second, the petitioner must complain of injuries caused by a state-court judgment. Third, the petitioner's application must invite district court review and rejection of that judgment. And fourth, the state court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) *quoting Exxon Mobil Corp.*, 544 U.S. at 284 (alterations omitted).

Wik's current Petition and Motion make clear that his application centers on his disagreement with Justice Ark's February 18, 2017 order. With respect to the February 18, 2017 order, it is also clear that Wik was the losing party. Wik's current application seeks a ruling from this Court that would effectively overturn or nullify Justice Ark's order, and the challenged state court order clearly predates this action, since the state court order was issued on February 18, 2017, and this action was commenced by Wik on March 28, 2017.

Since all four of the *Hoblock* factors are satisfied, Wik's application to have this Court effectively review Justice Ark's order is barred by the *Rooker-Feldman* doctrine, and therefore this Court is without jurisdiction to entertain the application. The fact that Wik claims that Justice Ark's decision violates the Constitution does not alter this outcome, because it is settled that "a federal court would lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action is unconstitutional." *Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir. 1998), quoting *Feldman*, 460 U.S. at 486.

If Wik wishes to challenge Justice Ark's February 18, 2017 Order, his course of action is to seek review through the state court system, and if the New York Court of Appeals ultimately denies him relief, he could then seek *certiorari* from the United States Supreme Court, because "only the Supreme Court has jurisdiction to hear an appeal from a state court action in which an appellant claims a constitutional violation." *Diaz v. Goord*, No. 04-CV-6094, 2010 WL 38734626 at *5 (W.D.N.Y. Sept. 29, 2010).

For all of these reasons, the Petition for a Writ of Prohibition and/or Mandamus (ECF No. 1) is DENIED, as this Court does not have jurisdiction to entertain Wik's challenge to Justice Ark's February 17, 2017 Order under the *Rooker-Feldman* doctrine.  The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

DATED:   Rochester, New York
         March 29, 2017

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3